UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| DARRYL SIGMON,<br><br>    Petitioner,<br><br>vs.<br><br>SCOTT KERNAN, Warden,<br><br>    Respondent. | Case No. CV 06-5807 AHM (JWJ)<br><br>**ORDER REGARDING SERVICE OF MEDICAL RECORDS AND FURTHER BRIEFING** |

    The Court has under submission Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition"). Respondent argues that the Petition is untimely and, in particular, that the period of time from January 19, 2005, the date the Los Angeles Superior Court denied Petitioner's state habeas petition to that court, until May 22, 2005, the date Petitioner next filed a state habeas petition with the California Court of Appeal – a period of 123 days – represents an "unreasonable delay" and therefore Petitioner is not entitled to statutory tolling for that period. (See Motion to Dismiss 10:12-19, citing, inter alia, Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006).)

///

On November 29, 2007, Petitioner filed an Opposition to the Motion to Dismiss ("Opposition" or "Opp") in which Petitioner argues that he is entitled to equitable tolling due to the fact that his "mental incompetence" prevented him from complying with the one-year statute of limitations period set forth at 28 U.S.C. § 2244(d)(1). Petitioner states in his Opposition that, at the time he filed the Opposition, he did not have access to his complete prison medical records, which could support his equitable tolling argument. (See Opposition, 3:17-28.)

On December 28, 2007, Respondent filed a Reply to Petitioner's Opposition. Also on December 28, 2007, Respondent filed an "Application for Lodging Under Seal in Support of Reply to Opposition to Motion to Dismiss" ("Application") requesting permission to lodge '[c]ertified copies of Petitioner's prison mental health records from January 2004 through September 2006 (sixty-nine pages)," together with "[a]dditional certified copies of such records showing the complete date of the record (six pages)." (Application 1:23-6.) The Application bore a Proof of Service showing that the Application was served on Petitioner; but the Proof of Service does not explicitly state that the sealed documents were served on Petitioner.

Also on December 28, 2007, Respondent lodged a copy of the state court record from the "Reporter's Transcript on Appeal" on October 24, 2002, which Respondent cited in the Reply to the Opposition.

On January 3, 2008, this Court issued an Order granting Respondent's Application and lodging Petitioner's prison mental health records under seal.

It is uncertain from the Proofs of Service filed by Respondent whether the prison mental health records or the Reporter's Transcript from October 24, 2002 have ever been served on Petitioner. In any event, this Court now finds that in the interests of justice these mental health records and the lodged transcript should be served on Petitioner, and the parties should be allowed to file further

-2-

1 briefing on the issue of Petitioner's entitlement to equitable tolling.  <u>See</u>, e.g., 
2 <u>Laws v. LaMarque</u>, 351 F.3d 919, 923 (9th Cir. 2003) (remanding for factual 
3 development and noting that district court abused its discretion in failing to 
4 develop record regarding mental incompetence as ground for equitable tolling).

## ORDER

Accordingly, in light of all of the foregoing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court Clerk is hereby directed to copy and serve on Petitioner all of the prison mental health records and the Reporter's Transcript from October 24, 2002 that were previously lodged by Respondent.  The Court Clerk shall also serve a copy of this Order on all parties.

2. Petitioner shall have **forty-five days from the date of this Order to file a further "Supplemental Opposition" to Respondent's Motion to Dismiss**, discussing Petitioner's entitlement to equitable tolling.  If Petitioner elects to file such a further Supplemental Opposition, it shall be clearly labeled "Supplemental Opposition to Motion to Dismiss" and bear case no. CV 06-5807 AHM (JWJ).  Petitioner is admonished that he bears the burden of showing that equitable tolling is appropriate.  <u>See</u> <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).  In particular, for any ground that Petitioner raises to justify equitable tolling, including mental incompetence or lack of timely notice of the state courts' denial of Petitioner's state habeas petitions, Petitioner must set forth specific facts that show that extraordinary circumstances were the but-for and proximate causes of his untimeliness.  <u>See</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).  If Petitioner requires the Court's assistance in obtaining further evidence in support of his equitable tolling claims, Petitioner shall advise the Court in his Supplemental Opposition.  <u>See</u> <u>Laws v. LaMarque</u>, 351 F.3d at 924 (habeas court may authorize discovery or expansion of the record pursuant to

Rules Governing § 2254 Cases).  If Petitioner elects not to file a Supplemental Opposition within forty-five days of the date of this Order, this Court will rule on Respondent's Motion to Dismiss as submitted.

    3.    If Petitioner elects to file a Supplemental Opposition, Respondent shall be allowed to file a Supplemental Reply to the Supplemental Opposition **within 30 days of Respondent's receipt of the Supplemental Opposition.**

**IT IS SO ORDERED.**

DATED:  September 3, 2008

/s/
JEFFREY W. JOHNSON
United States Magistrate Judge

-4-